IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH OTT, ) | |
| ) | |
| Plaintiff, ) | 2:12-cv-1464 |
| ) | |
| v. ) | Judge Mark R. Hornak |
| ) | |
| EBIX, INC. ET AL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

This action was removed to this Court from the Court of Common Pleas of Allegheny County by the Defendants, invoking diversity jurisdiction under 28 U.S.C. §1332(a)(1). (ECF No. 1). The Plaintiff now moves (ECF No. 12) to remand it back to that Court alleging that there is not complete diversity of citizenship for jurisdictional purposes because the Plaintiff is a citizen of Pennsylvania, as is Defendant Acclamation Systems, Inc. ("Acclamation") by virtue of its corporate organization and principal offices in this Commonwealth. Defendants counter that the doctrine of "fraudulent joinder" should be invoked, Acclamation should then be ignored as a Defendant in the diversity analysis, and the remand motion denied. (ECF No. 15). Because the Court concludes that that doctrine is inapplicable here and that this Court lacks subject matter jurisdiction, the motion to remand must be granted and the action is remanded forthwith to the Court of Common Pleas of Allegheny County, Pennsylvania.

This is a breach of contract case (ECF No. 1-2). The Plaintiff is one of three (3) parties to the applicable contract. The other two are the Defendants. (ECF No. 1-3). Plaintiff alleges that the Defendants breached the contract, (ECF No. 1-2 at ¶ 9) and thereby caused him damages.

1

(ECF No. 1-2 at ¶¶ 9, 39, 42, 43, 44, 47, 53, 56). Count II of the Complaint specifically complains about the alleged breach by Acclamation, (ECF No. 1-2 at ¶¶ 54-56) and avers that such breach caused Plaintiff great financial harm.

In an effort to get around the rule that diversity jurisdiction will not lie unless there is complete diversity as between the Plaintiff and all Defendants, *Robinson v. Temple University Health Systems*, No. 12-2724, 2012 WL 6183603, at *2 (3d Cir. Dec. 12, 2012), Defendants argue that this Court not only should, but must, disregard Acclamation as a Defendant, which if done, leaves a state of complete diversity between Plaintiff and the remaining Defendant. (ECF No. 1 at ¶¶ 21-24).

The Court recently examined the doctrine of "fraudulent joinder" in the removal context in *Rice v. Chesapeake Energy Corp.*, No. 12-cv-392, 2012 WL 3144318 (W.D. Pa. Aug. 1, 2012), and will not repeat that review in intricate detail here. Suffice it to say that pursuant to the directives of our Court of Appeals (1) all doubts as to the exercise of subject matter jurisdiction upon removal are to be resolved against removal, (2) the removing party carries a heavy burden of persuasion in this regard, (3) all doubts as to the validity of the claims pled in the Complaint are to be resolved in favor of the Plaintiff (with the Defendant bearing the burden of supporting removal), and (4) most importantly in the context of a claim of "fraudulent joinder", unless this Court can say without hesitation or doubt that the claims against the allegedly "fraudulently joined" Defendant could not survive a demurrer if asserted in state court (with all close or doubtful factual or legal issues resolved in the favor of the Plaintiff), then remand must be granted. *Id.* at *1.

An examination of the Complaint, and the detail of the claims asserted in it, demonstrates that this Court does not have subject matter jurisdiction. The Defendants make several arguments as to why Acclamation must be disregarded as a Defendant (ECF No. 15 at 2) and remand

denied. First, they allege that the Plaintiff alleges in his Complaint that Acclamation now "conducts business" as "Ebix Health", which means that Acclamation is merely "a division" of Ebix. The problem with that is that the Complaint pleads that Acclamation is in fact a Pennsylvania corporation and not merely a division of Ebix. Even if it is true that Acclamation conducts itself to the public as a "division" of Ebix, or as "Ebix Health", that is of no moment if Acclamation by Defendants' admission retains its status as a Pennsylvania corporation. (ECF No. 1 at ¶ 7). Defendants next argue that the Court should focus on the Defendants' removal notice's statements that Acclamation was "operated" as a division of Ebix, and that Acclamation maintains its principal place of business as a "division" of Ebix. The fact that removing Defendants say that this is so does not make it so, and such assertions also do not inherently contradict the allegations of the Complaint that Acclamation is an existing Pennsylvania corporation. Acclamation's corporate existence does not evaporate because it might choose to "operate" as alleged by Defendants and based on the allegations of the Complaint, this Court cannot say that there is no basis for the assertion of a breach of contract claim against Acclamation as a corporate entity. It is pled that it was and is a corporate party to the involved contract, that it had obligations under the contract, that it breached them and thereby damaged the Plaintiff.[1]

For the Defendants to invoke this Court's subject matter jurisdiction, it would require this Court to conclude now that based only on the allegations of the Complaint, Defendants must necessarily prevail as a matter of law on the merits as to the claims against Acclamation. They

---

[1] Count II of the Complaint specifically pleads a facially valid claim against Acclamation, including a claim for attorneys' fees recoverable as damages under Section 11.11 of the contract directly from Acclamation. (ECF No. 1-3 at 41). Defendants concede as they must that Acclamation is a co-obligor as to the contract (ECF No. 1 at 7), but lay out a complex, and prolix, explanation as to why at the end of the day, proof of a breach by Acclamation will trigger a payment to Plaintiff by Ebix. Be that as it may, that argument itself presupposes a finding of a breach on the part of Acclamation, ignores Acclamation's status as a party to the contract, and its claimed liability for amounts due to Plaintiff, interest on them and attorney's fees. Further, analyzing the twists and turns of Defendants' arguments in those regards runs precisely counter to the direction of our Court of Appeals that this Court not engage in that adventure.

may end up doing that, but that is not the test applicable here since our Court of Appeals has directed that the District Courts not conflate a decision on subject matter jurisdiction with a decision on the merits of the state law claims. *In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006).[2] Here, the heavy burden on the Defendants is to demonstrate beyond peradventure that there can be no valid claim against Acclamation based on the claims as pled. Given that Defendants do not contend that Acclamation dissolved as a corporation, recognize that Acclamation retains its formal corporate existence, and that it (along with Ebix) is a party to the contract that Plaintiff alleges has been breached to his harm and detriment, the complete diversity necessary to support diversity jurisdiction simply does not exist in this case. This Court lacks subject matter jurisdiction under 28 U.S.C. §1332(a)(1), and the motion to remand is granted.[3]

An appropriate Order will issue.

_____
Mark R. Hornak
United States District Judge

Dated: December 19, 2012

cc: All counsel of record

---

[2] For that reason, this Court will not, and should not, address the Defendants' Motion to Dismiss (ECF No. 10). *See Rice*, 2012 WL 3144318, at *1.

[3] Given the clarity of the contract language, and of the allegations of the Complaint, Defendants' removal of this action and their opposition to remand plainly push the envelope of good faith. The Court, in its discretion, nonetheless declines to award counsel fees to Plaintiff, given the swiftness with which this case has been sent packing back to state court.

4